**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHARLES SMALLEY, ET AL. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-11-906 |
| | * | |
| SHAPIRO & BURSON, LLP, ET AL. | * | |
| | ****** | |

**MEMORANDUM**

Charles Smalley and Pamela Ball have brought this action on behalf of themselves and other persons purportedly similarly situated to them against the law firm of Shapiro & Burson, LLP and various attorneys in the firm. Plaintiffs assert claims for fraud, conspiracy to commit fraud, violations of the Maryland Consumer Protection Act, and violations of the federal RICO statute. Defendants Shapiro & Burson, John S. Burson, William M. Savage, and Jason Murphy have filed motions to dismiss. Counsel for the remaining defendants have not yet entered an appearance. The motions to dismiss will be granted and this action will be dismissed as to all defendants because the ground for a dismissal applies equally to all defendants.

Plaintiffs allege that defendants engaged in a practice known as "robo-signing." They allege that they first learned that defendants engaged in this practice when a former employee of Shapiro & Burson revealed to the State's Attorney's Office for Prince George's County, that was conducting a criminal inquiry into the foreclosure practices of Shapiro & Burson, "that he was told to sign thousands of affidavits swearing that Shapiro & Burson's clients owned the mortgages that they were foreclosing upon – but, he was never actually given any evidence that these statements were true." Complaint, ¶2. As a result, according to plaintiffs' allegations, they

were overcharged fees for legal services that were ordered by the state circuit during the course of foreclosure proceedings.

Defendants make various arguments in support of their motions to dismiss. I need address only one of those arguments – *res judicata* – because it is clear that plaintiffs' claims are barred by the doctrine of claims preclusion.

Under Maryland law the doctrine of claims preclusion "bars the relitigation of matters previously litigated between the parties and their privies, as well as those claims that could have been asserted and litigated in the original suits." *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d, 66, 570 (D. Md.), *aff'd* 229 F.3d 1141 (4th Cir. 2000). Here, although plaintiffs apparently argue to the contrary, there is no question that plaintiffs could have challenged the reasonableness of the attorneys' fees, that lie at the heart of the present action, by challenging the report of the court auditor that, absent an exception being filed, became effective ten days after its filing. *See* Maryland Rule 2-543(e).

The various arguments made by plaintiffs as to why the doctrine of claims preclusion does not apply here are without merit.

First, plaintiffs contend that the reasonableness of the attorneys' fees was not actually decided during the course of the foreclosure proceedings. Although that argument would be relevant if defendants were relying upon the doctrine of "issue preclusion," which bars only issues that have actually been tried in the prior proceeding between the parties, it has no application to the doctrine of claims preclusion, which, as indicated above, applies to all claims that were either raised or could have been raised in the prior action. *See Anyanwutaku v. Fleet Mortg. Group, Inc.*, *supra, Sheahy v. Primus Automotive Fin. Serv.* 284 F. Supp. 2d 278, 280 (D. Md. 2003).

Second, plaintiffs argue that the individual defendants were parties to the earlier state court foreclosure actions because according to plaintiffs' own allegations in paragraph 8 of the complaint, the individual defendants "were appointed as 'substitute trustees' to conduct the foreclosure at issue in the lawsuit." This argument is simply wrong as to the individual defendants. Further, the law firm of Shapiro & Burson was in privity with the individual defendants because the individual defendants were either principals in the firm or employed by the firm. *See Anyanwutaku v. Fleet Mortg. Group, Inc.,* 885 F. Supp. at 571.

Third, plaintiffs contend that the doctrine of claims preclusion does not apply because the foreclosure actions were "adjudicated . . . on procedural grounds." This contention is unavailing because the Fourth Circuit has made clear that the doctrine of claims preclusion applies to judgments entered on procedural grounds. *See Orca Yachts LLC v. Mollicam*, 287 F.3d 316 (4th Cir. 2002).

Fourth, plaintiffs argue that prior foreclosure proceedings do not have *res judicata* effect because the proceedings were *in rem* in nature. This argument ignores the fact that under Maryland law plaintiffs' liability under the deed of trust for the payment of attorneys' fees and commissions was determined by the ratification of the auditor reports. *See Armstrong Enterprises v. Citizens Building and Loan Ass'n*, 244 Md. 545, 550-51, 224 A.2d 456, 459 (1966); *Windsor Const. Corp. v. Kolker*, 180 Md. 113, 119-20, 23 Atl. 29, 32 (1941).

Fifth, plaintiffs contend that the doctrine of claims preclusion should not apply because the affidavit of the former employee of Shapiro & Burson was not written until after the auditor reports were ratified. Under Maryland law, however, the fact that plaintiffs may not have been aware of the existence of their claims during the litigation of the previous action does not render the doctrine of claims preclusion from being applicable "where the means of obtaining such

knowledge existed and the knowledge could have been obtained with ordinary diligence." *Singer v. Steven Kokes, Inc.*, 39 Md. App. 180, 184-85, 384 A.2d 463, 466 (1978). Plaintiffs could have challenged the reasonableness of the attorneys' fees in the prior litigation but chose not to do so.

Finally, to the extent that plaintiffs argue that the judgments in the foreclosure actions were obtained by fraud, the remedy they should have pursued was not to bring the collateral attack but to seek revision of the judgments under Maryland Rule 2-525. *See Jones v. HSBC*, 2011 WL 3734984 at *5, n.4 (4th Cir. Aug. 21, 2011).

A separate order dismissing this action is being entered herewith.


Date:   January 26, 2012           /s/
                                   J. Frederick Motz
                                   United States District Judge